Judge Mills,
delivered the Opinion of the Court.
Waring, the appellee, filed these two bills, setting up two judgments at law obtained against Elliott, in favor of other persons, and assigned by the plaintiffs therein to Waring, after the judgments were rendered; and alleging that executions had been issued thereon, with returns of no estate, Elliott being insolvent. He also states that Elliott’s wife’s father had departed this life,,intestate, leaving a large estate, a great portion of which, both real, personal and slaves, had thus descended to Elliott, in right, of his wife; and that Elliott and his wife, knowing that it would be subject to these and other judgments, had, a few days after the death of his father-in-law, united in a sale and conveyance thereof to her brother, the administrator of the father in law, and that the brother had executed his notes for three thousand dollars, the feigned price thereof, not to Elliott, but to Benjamin Taylor as trustee for Mrs. Elliott and her children. He charges that this conveyance is fraudulent, prays that it may be set aside and the estate subjected to his demands, which he held as assignee, or if the conveyance was not fraudulent, his demands might be satisfied out of the price due from the purchaser to the aforesaid trustee.
Elliott’s answer.
Answer of Taylor, the trustee for the. wife and children.
Decree of the circuit court.
Objections to the manner of the decree.
In a bill by assignee of a judgment, the assignor in ■whose name the judgment w.as recovered must bo parly.
- Elliott answered that it was the intention of his father-in-law to give him ño more of his estate, knowing his hopeless insolvency, and to settle whatever portion he designed for her, in the hands of trustees, for the use of herself and children; but he died intestate suddenly, without having made such disposition, and he, Elliott, knowing the intention, of her father, executed the deed immediately after his death, in conformity thereto, believing it an act of justice thus to place it beyond his own control, for the purpose of supporting his wife and children, who must otherwise come to want.
The trustee answered that he accepted the trust at the request of the parties, to hole! the estate for Mrs. Elliott, and was not apprized of any fraud therein, and knew but little about any demands against Elliott. The purchaser did not answer.
The court below set asi’de the deed as fraudulent, and directed the judgments of the appellee to be satisfied out of the estate.
If there was no other objection to this proceeding, than the mode in which the decree is rendered, we should he compelled to reverse it. After setting aside the deed, without taking any account of the estate descended to Mrs, Elliott, or there being any part of the pleadings or exhibits shewing what kind of estate it is, or in what it consisted, the court appointed commissioners and licensed them by the decree to go and take of the estate descended to EE liott, in right of his wife, by that discription only, and to sell so much thereof as would satisfy the demands of the appellee.
Without, however, dwelling on this point, there is a defect of parties to the bill. The original holders-of these judgments, still hold the legal title thereto, and judgments not being rendered assignable by law, the assignments only passed an equity to the appellee, and therefore, according to former decisions, they were necessary parties to the suit, and ought to have been brought before the court, previous to rendering any decree in favor of the appellee.
Omitted partios.
Where a judgment creditor brings a bill to set aside the husband’s assignment of the wife’s distributive share in the estate of her father, who <liocl during the coverture, executed to raise a fund in the hands of trustees, for the wife and childer-n, and to subject such share, or the price, to the satisfaction of the debt: the wife and children must be parties.
Jíquity tvill not aid the insolvent or improvident husband to obtain the possession of •(.ho wife’s estate, without
But there is a more important party which ought to be made before anj’ decree, and that is Mrs. Elliott and ber children.
It is urged that she can have no interest therein, as the estate descended to her vested in her husband, and became liable to his debts. ,It will be found, however, that she has an equitable interest, which the chancellor will not fail to notice. It is certainly true, that whatever chattels and slaves the wife may possess at her marriage, become the property of the husband on the marriage, and whatever comes or accrues to her during coverture, vests in the husband according to the course of the common law. Bat it is equally true that the chancellor will not lend his aid to enable the husband to get at the estate of the wife where he is not possessed, until he shall make for her separate use a suitable provision out of it. Though husband and wife are counted inlaw, one person, yet equity frequently treats them differently, and there the husband may sue the wife, or the wife the husband, and they may be permitted, in certain cases, to sue and defend separately. While it is necessary for family government, and also to the relation to the rest of society, in which the husband and wife may stand, that there should be hut one will to govern, and one owner of property, yet there are great abuses as well as hardships growing out of that rule, which coiuts of law cannot correct, or relieve, and equity therefore will interpose, and give redress. One of these hardships is the suffering of the wife and children, from the imprudence of the husband, and equity will often relieve it, by providing for the .maintenance of the wife, especially out of an estate originally belonging to ber in her own right.
It is evident in this case that there had been no distribution made of this estate t.o Elliott previous to conveyance to the trustee for the use of the wife, and that is not pretended. The legal title therefore, of the chattels and slaves was not in Elliott, and to get at them himself, and recover them from the hands of tho administrator, he would have had to have brought a suit in the name of himself and. *341 •wife, and in such suit, though it had not been expressly asked by the wife, the chancellor might, and would have directed a suitable provision for wife and children by a settlement, before any decree would have been rendered in the husband’s favor, and would by the aid of a master have fixed on the extent of this provision. Oxenden vs. Oxenden, 2 Vern. 494; Bosvill vs. Brander, 1 Pr. Wms. 459; Jacobson vs. Williams, 2 Pr. Wms. 382; Brown vs. Elton, 3 Pr. Wms. 202; Jewson vs. Moulson, 2 Atk. 417; Grey vs. Kentish, 1 Atk. 280; 1 Ves. 539; Howard vs. Moffatt, 2 John. Chy. Rep. 206.
mating an adequateprovision for the dren.1" ° 1"
In such case those claim-h^band^wili bo subjected to the same terms'
Creditors of the husband shall not subject the property which falls to the wife by descent or devise, during the coverture in opposition to the claims of the wife and children in danger of distress:— But the chancellor will make for them an ade?”nate Pr0V1”
Wife and raay bare in. junction against the proceedings of the husband’s creditors to subject such property of the wife to payment of his debts, and demand a suitable pro-, vision to bo settled on them.
*341 If this would have been done in the case of the husband’s own application to a court of equity, so it would be done in the case of others claiming under him, and applying to the court for redress. The only doubt in this case must arise from the circumstance of the complainant below being a creditor, and the inquiry is, whether a creditor seeking to subject the estate coming through the wife, to the debts of the husband, will be subject to the same rule ?
This creditor had to come to a court of equity for redress; and as he does so, we will find the rule as to him is the same. For whenever such estate of the wife comes within reach of the court, the same rule will be applied. It is true, family settlements, made by the husband after marriage, are generally void as to creditors; hut this will not hold always, as to the estate of the wife which the husband has never possessed, and on the credit of which the husband cannot be supposed to have contracted, and this is more emphatically true with regard to an estate which falls to the wife during coverture by bequest or devise, or by inheritance, especially when by the imprudence or misfortunes of the husband, the wife and children are in danger of distress.
Equity in such case will not only refuse to bring the estate into the power of a creditor, who never could have trusted to that fund when he dealt with the husband, hut has even sustained a bill in favor of the wife enjoining the proceedings of a creditor till she should have a reasonable provision, made for her *342 out of the fund. 1 Atk. 192, Vandenanker vs. Desbrough, 2 Vern. 96; Kenney vs. Udall, 5 John. Chy. Rep. 464; Glen vs. Fish, 6 John. Chy. Rep. 33; Haviland vs. Myers, ib. 25, 178; and cases therein cited. In the case of Kenney vs. Udall, the late chancellor of New York has reviewed the decisions of the British chancery with his usual ability, and has established his positions, by precedent beyond controversy, and concludes thus: “if the wife’s personal fortune be vested in trustees, orbe in any other way under the control of the court or placed within its reach, the court will not suffer it to be recovered until an adequate provision be made for her.
Equity of the wife to have a maintenance out of the estate falling upon her during the coverture, shall bo preferred to the husband’s creditors, and all others churning under him.
"lllvo circumstances to be considered by the chancellor, in allowing and f,x;ng the amount of the ^wSe^nd1 chúmen out of the estate tho°n co^ntur'ec, '
*342 The case of Haviland vs. Myers, was at bill by the wife, to enjoin the creditors of the husbandfrom proceeding against the personal estate of the wife, and in refusing to dissolve the injunction, the same chancellor uses these broad expressions: “The rule is settled by the cases referred to, in the opinion delivered in Kenney vs. Udall. And by the recognition in that opinion of the doctrine of those cases,, that the wife’s equity to a suitable provision for the maintenance of herself and children, out of her separate, real and personal estate, descended or devised to her during coverture, is well established, and will prevail equally against the husband or his assignees, and against any sale made, or lien created by him, even for a valuable consideration, or in payment of a just debt. It was immaterial whether the suit in protection of that equity be instituted by the wife, or by any other person in her behalf; It may be instituted as in this case, by the wife against a creditor at law to restrain him from touching the property and the equity may be extended, if the circumstances of the case should require it, to the whole of the real and ¡personal estate so devised or descended to the wife.”
Whether the rule should be applied as broadly as here laid down, except to cases where the wife previously had a separate estate by an ante-matrimonial contract we need not enquire. The authority is suflicient to show that Mrs. Elliott, has even by the complainant’s own showing, a strong equity in the *343 fund now in contest, not only to be beard as defendant; but that she by her bill or cross bill may contro vert the complainants right to a part, or the of this estate, and that his right to come in at all, must depend essentially upon the enquiry whether the amount descended to her, is or is not a reasonable provision for the support of herself and children under the circumstances of the case, and these circumstances are, the insolvent or hopeless condition of her husband, and his prudence in management; her prospects for a support without this fund; and whether she has any other resources; the numher of children, and the amount necessary for her, and such like facts and circumstances attending the case.
Assignment b.y the inbantTof the distributivo share of his tate, dying after the marmage, to the torfiiTeo'nsideration of a settlement aud'chiWrenisnotneoes-’ sarily frauda
It is unnecessary for us to say any thing now on .the merits of the sale made by herself and husband of the estate, as1 its merits may he a more proper enquiry, on a final hearing when all the parties are before the court. It might turn out that if the sale was for the value of the estate, the chancellor might then let it stand, and secure enough of its proceeds for the wife, by properly vesting the fund for that purpose; for we are not prepared to say on the glimpse of that sale, which is afforded us, that it is frauduleut, especially as it was the sale of a fund which the wife had the right to have secured to her, in part at least, by application to a court of equity, that ordeal of fraud. Or if it is for too little, and thereby the interest of the complaining creditor is •injured, the court might direct the true value to be ascertained, and direct the transaction to be set aside in order that the creditor might come at the excess, if it shall turn out under all the circumstances of the case, that the whole of the estate descended is an unreasonable provision for the wife and children. There is however, an absolute necessity that Mrs. Elliott should be made a party, and be allowed to assert her rights, before the estate is subjected to the de mands of the creditor.
We cannot help remarking that it is somewhat singular that the principles which wc have now recognized, should have heretofore been passed in our *344 courts in such entire silence, especially as it might be expected that cases would frequently occur, .demanding their application, and there are but few principles of a court of equity touching the domestic relations of society better established, or more often recognized for more than a century past.
Mandate.
Hag-gin and Loughborough, for appellants; Wicklijje,- for appellee.
The decrees must each be reversed with costs, and each cause be remanded with directions to dismiss the bills with costs, and without prejudice to any future suit for the same cause, unless the complainant shall in a reasonable time given, amend his bills and bring the necessary parties before the court.